IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REIN KELIIHOOMALU,<br># 04343-122,<br><br>Plaintiff,<br><br>v.<br><br>ESTELA DERR,<br><br>Defendant. | Civil No. 22-00175 SOM-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

**ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint ("Complaint") filed by pro se Plaintiff Rein Keliihoomalu ("Keliihoomalu") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. Keliihoomalu alleges that an unidentified prison official at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu") opened a piece of legal mail outside his presence on April 4, 2022. *Id.* at 5. Keliihoomalu claims, as a result, that Warden Estela Derr violated the First Amendment. *Id.* For the following reasons, the Complaint is DISMISSED for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with partial leave granted to amend.

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d

at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[1]

Keliihoomalu is a pretrial detainee at FDC Honolulu. *See* ECF No. 1 at 1; Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (select "Find By Number," enter "04343-122" in "Number" field, and select "Search") (last visited May 12, 2022). He is awaiting trial in *United States v. Keliihoomalu*, Cr. No. 19-00156 JMS (D. Haw.).[2] Since March 2, 2022, Keliihoomalu has been represented in his criminal case by Marc J. Victor of the Attorneys for Freedom Law Firm. *See* Order Granting Motion to Withdraw as Counsel and Appoint Substitute Counsel, *Keliihoomalu*, Cr. No. 19-00156 (D. Haw. Mar. 2, 2022), ECF No. 48.

On April 4, 2022, an envelope addressed to Keliihoomalu arrived at FDC Honolulu. ECF No. 1 at 5; *see also* ECF No. 1-1 at 1. The return address included

---

[1] Keliihoomalu's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

a logo that read "Attorneys for Freedom Law Firm." *See id.* The envelope was marked "Legal Mail/Special Mail Open only in the presence of the Inmate" and included at least six stamps reading "Confidential Attorney/Client Correspondence." ECF No. 1 at 5; *see also* ECF No. 1-1 at 1. The envelope also included a stamp reading "Legal Mail Received Mail Room," with handwritten notations stating that the envelope was received at 8:49 a.m. on April 4, 2022. *See* ECF No. 1-1 at 1. The stamp was crossed through, and the words "Doesn't meet criteria" were written above the stamp. ECF No. 1 at 5; *see also* ECF No. 1-1 at 1. Someone opened the letter before Keliihoomalu received it on April 5, 2022. ECF No. 1 at 5.

The Court received Keliihoomalu's Complaint on April 18, 2022. ECF No. 1. In the Complaint, Keliihoomalu alleges that opening the envelope outside his presence violated the First Amendment. *Id.* at 5. He names Warden Derr as the sole defendant in both her individual and official capacities. *Id.* at 1. Keliihoomalu seeks $1,000,000 and an "Order from the Court preventing further violations of [his] rights." *Id.* at 8.

## III. DISCUSSION

### A. Legal Framework for *Bivens* Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's

constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[3] *Id.* (quoting *Malesko*, 534 U.S. at 68). Indeed, the Court has

---

[3] The Supreme Court declined to create a *Bivens* remedy in the following cases: a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a

suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today." *Id.* at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

---

substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination, *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); and a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 137 S. Ct. 1843.

At step two, courts may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951 (internal quotation marks and citation omitted). "Second, there cannot be any 'special factors' that lead the court to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (some internal quotation marks, brackets, and citation omitted). Although the Supreme Court has yet to define the term "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

**B. Official Capacity Claims Under *Bivens***

Keliihoomalu names Warden Derr in both her individual and official capacities. ECF No. 1 at 1.

"A *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation marks, brackets, and citation omitted). "This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Id.* (citation omitted).

Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (internal quotation marks and citation omitted).

Any *Bivens* claims against Warden Derr in her official capacity are therefore DISMISSED with prejudice.

**C. Supervisory Liability Under *Bivens***

Keliihoomalu names as a Defendant a supervisory official—that is, the warden of FDC Honolulu. ECF No. 1 at 1.

"In the limited settings where *Bivens* does apply, . . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). This is because "[t]he purpose of *Bivens* is to deter the *officer*." *Abbasi*, 137 S. Ct. at 1860 (internal quotation marks and citation omitted). "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Id.* (citation omitted).

A *Bivens* claim must be "brought against the individual official for his or her own acts, not the acts of others." *Id.*; *see also Jones v. McFadden*, No. 1:09–cv–00957–DLB (PC), 2010 WL 2196849, at *3 (E.D. Cal. May 28, 2010) ("[W]hen a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged." (citations omitted)). Thus, to state a claim for relief under *Bivens* based on a theory of

supervisory liability, the plaintiff must allege facts showing that supervisory defendants:

> (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

*Id.* (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks and other citation omitted).

Here, while Keliihoomalu alleges that someone opened a piece of legal mail outside his presence, he fails to say how Warden Derr violated his constitutional rights. Indeed, Keliihoomalu does not even mention Warden Derr in the factual allegations supporting his claim. *See* ECF No. 1 at 5. Thus, it appears that Warden Derr is named as a defendant solely because of her supervisory position. *See id.* at 2 (stating that Warden Derr "is responsible for the actions of her staff").

Any allegation by Keliihoomalu that Warden Derr is liable purely because of the acts of someone under her supervision must be DISMISSED with prejudice. *See Fries v. Kernan*, Case No. 1:18-cv-00652-LJO-SKO (PC), 2018 WL 11260954, at *8 (E.D. Cal. Dec. 5, 2018) ("[A]ny allegation that supervisory personnel . . . are somehow liable solely based on the acts of those under his or her supervision, does not state a cognizable claim."). For a claim against Warden Derr to proceed, Keliihoomalu must plausibly allege that Warden Derr violated his

rights through her own actions. *See Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) ("*Bivens* claims cannot proceed on a theory of *respondeat superior*, but must instead plead that a supervisor, by her 'own individual actions,' violated the Constitution." (citation omitted)).

**D. First Amendment**

Keliihoomalu alleges that his First Amendment rights were violated by someone opening a piece of legal mail outside his presence. ECF No. 1 at 5.

The Ninth Circuit has said that "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). The Supreme Court, however, has never recognized a *Bivens* remedy for First Amendment claims. *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). It appears, therefore, that Keliihoomalu's "claim for improper handling/reading of his legal mail in violation of the First Amendment presents a new *Bivens* context." *Cagan v. Lake*, Case No. 1:19-cv-01629-SAB (PC), 2019 WL 6827568, at *3 (E.D. Cal. Dec. 13, 2019), *report and recommendation adopted*, Case No. 1:19-cv- 01629-AWI-SAB (PC), 2021 WL 53243 (E.D. Cal. Jan. 6, 2021).

The Court declines to decide whether "special factors" caution against extending *Bivens* to Keliihoomalu's mail handling claim during screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, without briefing by the parties upon either

a motion to dismiss or for summary judgment.[4] *See Williams v. Kobayashi*, Civ. No. 1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *7 (D. Haw. Oct. 22, 2018). Even assuming the existence of a *Bivens* remedy, however, the Complaint must be dismissed because Keliihoomalu does not state a claim.

The BOP has promulgated regulations addressing the handling of various forms of correspondence. *See* 28 C.F.R. §§ 540.10–.25. One regulation provides that prison officials "shall open and inspect all incoming general correspondence." 28 C.F.R. § 540.14(a); *Friday v. U.S. Dep't of Just.*, Civ. No. 93-283-FR, 1994 WL 715876, at *3 (D. Or. Dec. 6, 1994). "General correspondence" is defined as all incoming or outgoing correspondence other that "special mail." 28 C.F.R. § 540.2(a). "Special mail" is defined to include, among other things, correspondence received from attorneys. 28 C.F.R. § 540.2(c).

The regulations state that the warden, or her designee, "shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail." 28 C.F.R. § 540.18(a). Thus, special mail "may not be read or copied if the sender is

---

[4] The Court notes that some district courts have decided that a *Bivens* remedy does not exist for interference with legal mail claims. *See, e.g.*, *Sharp v. Numsen*, No. 18-cv-195-WMC, 2022 WL 834421, at *3–9 (W.D. Wis. Mar. 21, 2022) (opened or delayed delivery of legal mail); *Williams v. Cheatham*, 548 F. Supp. 3d 1174, 1178–80 (M.D. Fla. 2021) (destruction of legal mail); *Wise v. C. Maruka*, Civil Action No. 1:20-00056, 2021 WL 1603819, at *16–18 (S.D.W. Va. Jan. 5, 2021) (opened legal mail), *report and recommendation adopted sub nom. Wise v. Maruka*, Civil Action No. 1:20-00056, 2021 WL 1146002 (S.D.W. Va. Mar. 25, 2021).

adequately identified on the envelope, and the front of the envelope is marked 'Special Mail—Open only in the presence of the inmate.'" *Id.*; *see also* 28 C.F.R. § 540.2(c); *Samonte v. Maglinti*, Civ. No. 05-00598 SOM-BMK, 2007 WL 1963697, at *8 (D. Haw. July 3, 2007). "In the absence of either adequate identification or the 'special mail' marking . . . on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail." 28 C.F.R. § 540.18(b); *see Whiteshield v. Beals*, No. 90-35699, 1991 WL 138866, at *2 (9th Cir. 1991) ("[F]ederal prison regulations require that all legal mail may be opened unless it is clearly labeled as such and carries the return address and name of the sending attorney[.]").

The regulations unequivocally state that "[t]he inmate is responsible for advising any attorney that correspondence will be handled as special mail *only if the envelope is marked with the attorney's name* and an indication that the person is an attorney, and the front of the envelope is marked 'Special Mail—Open only in the presence of the inmate.'" 28 C.F.R. § 540.19(b) (emphasis added); *Samonte,* 2007 WL 1963697, at *8 ("Federal inmates are responsible for advising their lawyers that correspondence will be handled as 'special mail' only if the envelope is marked with the attorney's name and an indication that the person is an attorney[.]"); *see also Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (stating that it is "entirely appropriate that [prison officials] require [legal mail] to be specially

marked as originating from an attorney, with his name and address being given, if they are to receive special treatment").

Here, Keliihoomalu alleges that an envelope containing legal correspondence was received at FDC Honolulu on April 4, 2022. ECF No. 1 at 5. He further alleges that the envelope was labeled "Legal Mail/Special Mail Open only in the presence of the inmate." *Id.* Keliihoomalu does not allege, however, that the envelope also included his attorney's name. *See id.* Indeed, the document Keliihoomalu submitted in support of his Complaint does not include any attorney's name, let alone Mr. Victor's name. *See* ECF No. 1-1 at 1. Thus, Keliihoomalu has not plausibly alleged that the envelope was "properly marked." *See Schoppe-Rico v. Rupert*, No. C 11-4283 YGR (PR), 2012 WL 4497794, at *5 (N.D. Cal. Sept. 28, 2012) ("The record is silent as to whether or not the piece of mail . . . was properly marked with the name and title of the sender-attorney such that it would constitute confidential legal mail."); *Ibeabuchi v. Penzone*, No. CV 17-03154-PHX-PGR (JZB), 2018 WL 11302942, at *3 (D. Ariz. Aug. 29, 2018) ("Only mail from an inmate's attorney, or prospective attorney, constitutes 'legal mail' that, when appropriately labeled, is entitled to greater protection than other mail."). Keliihoomalu's claim is DIMISSED with leave granted to amend.

**E. Injunctive Relief Under *Bivens***

In his request for relief, Keliihoomalu seeks $1,000,000 and an "Order from the Court preventing further violations of [his] rights." ECF No. 1 at 8.

"*Bivens* does not encompass injunctive and declaratory relief[.]" *Solida*, 820 F.3d at 1093; *see Higazy v. Templeton*, 505 F.3d 161 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."); *Bacon v. Core Civic*, 2020 WL 3100827, at *6 (D. Nev. June 10, 2020) ("[I]injunctive relief may not be obtained through *Bivens* actions, which are limited to claims for monetary damages against persons in their individual capacities." Thus, to the extent Keliihoomalu seeks injunctive relief in this action, such relief is not available under *Bivens*.[5]

**IV. <u>LEAVE TO AMEND</u>**

The Complaint is DISMISSED with partial leave granted to amend. Keliihoomalu may file an amended pleading on or before June 13, 2022. Keliihoomalu may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint or why new claims are warranted at the time an amended

---

[5] Injunctive and declaratory relief may be available outside of *Bivens*. *See Zavala v. Rios*, 721 F. App'x 720, 721–22 (9th Cir. 2018); *see also Malesko*, 534 U.S. at 74 ("[U]nlike the *Bivens* remedy, which we have never considered a proper vehicle for altering an entity's policy, injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally.").

document is submitted. Claims that are not related or warranted may be subject to dismissal.

Keliihoomalu must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Except with respect to parties and claims dismissed with prejudice in this order, any failure to rename a Defendant or to reassert a claim in an amended complaint may be deemed a voluntary dismissal of that party or claim. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

**V. <u>28 U.S.C. § 1915(g)</u>**

If Keliihoomalu fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Keliihoomalu may amend his pleading, however, by curing the deficiencies in his claims on or before June 13, 2022.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Keliihoomalu may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Keliihoomalu may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Keliihoomalu a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2022.




/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge